AO (Rev. 5/85) Criminal Complaint

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

UNITED STATES OF AMERICA

vs.

JAMES FREEMAN

CRIMINAL COMPLAINT

CASE NUMBER: 8:12 MJ1380 MAP

I, the undersigned complainant, being duly sworn, state the following is true and correct to the best of my knowledge and belief. On or about November 23, 2010, in Hillsborough County, in the Middle District of Florida, defendant did,

> knowingly possess a firearm after being previously convicted of a crime punishable by more than one year imprisonment,

in violation of Title 18, United States Code, Section 922(g)(1). I further state that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, and that this Complaint is based on the following facts:

SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof: ☒ Yes   ☐ No

Signature of Complainant
Michael A. La Roe, Special Agent
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and subscribed in my presence,

June 29, 2012                             at       Tampa, Florida

MARK A. PIZZO
United States Magistrate Judge
Name & Title of Judicial Officer               Signature of Judicial Officer

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael A. La Roe, being duly sworn, depose and state:

I am currently employed as a Special Agent with the Department of Justice, Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and have been so employed for approximately thirteen (13) years. I am currently assigned to the Tampa Field Office and am charged with investigating violations of the Federal Firearms, Explosive and Arson Laws.

I have learned the following facts in my official capacity through my own first-hand observations, as well as by reviewing reports and receiving information from other law enforcement officers involved in this investigation. This Affidavit does not purport to contain every fact of this investigation; rather, it contains only the necessary information to support probable cause to charge James Freeman and arrest him for the following violation of federal law.

On or about November 23, 2010, James Freeman arranged to sell a Ruger, Mini 14 .223 caliber rifle to an undercover detective (UC) from the Hillsborough County Sheriff's Office. In arranging the sale, Freeman sent a picture via text message of himself holding the rifle, and Freeman and the UC discussed the transaction over the phone. Freeman and the UC ended up meeting in a grocery store parking lot to complete the transaction, which occurred in the Middle District of Florida. As the meeting took place, the UC received the rifle from Freeman and determined that it was fully automatic. The UC paid Freeman $1,500.00 for the rifle. The transaction was recorded on audio and video.

A later examination of the rifle determined that it was a firearm under federal law and that the manufacturer's serial number had been obliterated. In addition, it was determined that the rifle had been modified to function as a machine gun. Moreover, it was determined that the rifle had been manufactured outside the State of Florida. As a result, the rifle would have traveled in or affected interstate commerce in order to arrive in the State of Florida.

Before possessing the rifle, Freeman had been convicted of the following crimes punishable by more than one year imprisonment:

**Grand Theft of a Motor Vehicle**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 95-CF-13508, on or about October 25, 2004;

**Possession of Burglary Tools**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 95-CF-13508, on or about October 25, 2004;

**Burglary of a Conveyance**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 95-CF-13508, on or about October 25, 2004;

**Possession of Burglary Tools**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 95-CF-13508, on or about October 25, 2004;

**Fleeing to Elude High Speed**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 95-CF-13508, on or about October 25, 2004;

**Possession of Cocaine**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 98-CF-14027, on or about October 25, 2004;

**Possession of Cocaine**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 98-CF-18958, on or about October 25, 2004; and

**Tampering with Physical Evidence**, in the Circuit Court for the Thirteenth Judicial Circuit, in and for Hillsborough County, Florida, Case Number 01-CF-11533, on or about October 25, 2004.

A search of the State of Florida's Office of Executive Clemency confirmed that Freeman has not had his civil rights restored, including the right to own, possess, or use firearms. Moreover, there was no application pending for clemency.

In later interviews with law enforcement, Freeman acknowledged his role in the aforementioned transaction, as well as in other firearms transactions.

I respectfully submit that, based on the foregoing facts, there is probable cause to believe that on or about November 23, 2010, James Freeman violated Title 18, United States Code, Section 922(g)(1).

FURTHER YOUR AFFIANT SAYETH NAUGHT.

MICHAEL A. La ROE
Special Agent, Bureau of Alcohol,
Tobacco, Firearms and Explosives

SWORN TO AND SUBSCRIBED BEFORE ME THIS 29TH DAY OF JUNE 2012, AT TAMPA, FLORIDA.

MARK A. PIZZO
UNITED STATES MAGISTRATE JUDGE

3